**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00373-CR**

_____

**CASEY HIRAM VINES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 411th District Court**
**Polk County, Texas**
**Trial Cause No. CR23-0266**

**MEMORANDUM OPINION**

A grand jury indicted Appellant Casey Hiram Vines for the first-degree offense of continuous sexual abuse of a child, and he pled guilty. *See* Tex. Penal Code Ann. § 21.02(b). In an open plea, Vines elected to have the trial court assess punishment, and the trial court sentenced him to life. We will affirm the trial court's judgment.

Vines's appellate counsel filed an *Anders* brief presenting counsel's professional evaluation of the record and concluding that the appeal is frivolous.

*See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On April 17, 2024, after Vines's counsel filed his brief, we granted an extension of time for Vines to file a pro se brief in response. Vines has not filed a response.

The Court of Criminal Appeals has held that we need not address the merits of issues raised in an *Anders* brief. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Rather, an appellate court may determine: (1) "that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;]" or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.*

Upon receiving an *Anders* brief, a court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief, and have found no reversible error, and we conclude the appeal is wholly frivolous. *See Bledsoe*, 178 S.W.3d at 827–28. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the

2

appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

    AFFIRMED.

W. SCOTT GOLEMON<br>
Chief Justice

Submitted on January 3, 2025
Opinion Delivered February 19, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Chambers, JJ.

---

[1]Vines may challenge our decision by filing a petition for discretionary review. *See* Tex. R. App. P. 68.